NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KHOSLA VENTURES, LLC,

             Plaintiff,

v.

ROLLS-ROYCE CANADA LTD.,

             Defendant.

Civ. No. 11-7529

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on Defendant Rolls-Royce Canada Ltd.'s ("RRC")

Motion to Dismiss [10] Count Two of the Complaint [1] filed by Plaintiff Khosla Ventures LLC

("Khosla").  Khosla opposes this motion [12].  The Court has decided this motion after

considering the submissions of both parties and without oral arguments pursuant to Federal Rule

of Civil Procedure 78(b).  For the following reasons, Defendant's motion will be granted.

      This dispute arises out of a contractual agreement whereby RRC agreed to perform

maintenance and repair work on aircraft engines owned and operated by Khosla.[1]  Count Two of

the Complaint alleges a claim for negligent representation.  Khosla, the owner of a twin-engine

aircraft, flew this aircraft to Dallas, Texas so that it could receive some maintenance, as well as

be inspected for the issuance of a Certificate of Airworthiness from the Federal Aviation

Administration.  (Compl. ¶¶ 8–9).  While the aircraft was in possession of Gulfstream Aerospace

Corp. at this Dallas facility, it was determined that the engines on this aircraft, which were

manufactured by BMW Rolls-Royce, needed to be sent to RRC for maintenance and repair.

(*Id.*).  Thereafter, the engines were shipped to RRC in Quebec, Canada.  (*Id.* ¶ 10).  RRC

---

[1] For purposes of deciding this motion, the Court accepts as true all of the well-pleaded factual allegations contained in the Complaint.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

estimated that it would cost $491,984.00 for the repair and that it would deliver Engine No.

11129 in fully functioning form by the end of April.  (*Id.* ¶ 11).  "Based upon those estimates,

[Khosla] contracted with [RRC] to perform the work on Engine No. 11129."  (*Id.*).

On April 13, 2011, RRC issued a report regarding Engine No. 11129, which discussed

two discs within the engine that are essential to the engine's functioning.  (*Id.* ¶¶ 12–13).  The

report stated that one disc was found to be worn beyond specific limits and the other did not meet

measurement specifications.  (*Id.* ¶ 13).  RRC represented to Khosla that these problems required

both discs to be scrapped and replaced.  (*Id.* ¶ 14).  In a conference call on April 14, 2011, a RRC

employee recommended that it would be more cost-effective for Khosla to authorize RRC to

perform a full "midlife" inspection of Engine No. 11192, an expensive inspection and repair,

instead of simply replacing disc number two.  (*Id.* ¶ 15).  Kholsa alleges that the information

imparted by RRC in regard to both the discs and the appropriate course of action was incorrect.

(*Id.* ¶¶ 16–17).  This full "midlife" inspection was much more costly than RRC represented,

which was quoted at $1,951,500.  (*Id.* ¶ 18).  Based upon these alleged misrepresentations,

Khosla was induced into authorizing RRC to perform the more expensive full "midlife"

inspection.  (*Id.* ¶¶ 28, 43).  A second, separate contract was entered into by the parties on or

about July 13, 2011 so that RRC could perform this work.  (*Id.*, Ex. 7).  This forms the basis for

Khosla's claim for negligent misrepresentation under Count Two of the Complaint.

RRC has now moved to dismiss Khosla's negligent misrepresentation claim, arguing that

a provision in the standard terms and conditions (STC) of the contract between the parties

expressly waives negligence claims against RRC.[2]  The pertinent contract language states:

---

[2] RRC also attempts to argue the merits of Khosla's claim in its reply brief.  This argument is improper on a motion
to dismiss and it was not sufficiently raised in its opening brief.  Therefore, the Court will not consider it.  *See, e.g.*,
*Laborers' Int'l Union of N.Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived
unless a party raises it in its opening brief.").

4.1 Limitation on Remedies- THE WARRANTY, OBLIGATIONS AND LIABILITIES OF RRC (INCLUDING ITS SUPPLIERS) AND THE RIGHTS AND REMEDIES OF CUSTOMER [i.e., Khosla] SET FORTH IN THESE STC ARE EXCLUSIVE AND ARE IN LIEU OF AND CUSTOMER HEREBY WAIVES AND RELEASES ALL OTHER WARRANTIES, OBLIGATIONS, REPRESENTATIONS, OR LIABILITIES EXPRESS OR IMPLIED ARISING BY LAW, IN CONTRACT, TORT (INCLUDING NEGLIGENCE OR STRICT LIABILITY) OR OTHERWISE, INCLUDING BUT NOT LIMITED TO (I) ANY IMPLIED WARRANTY OR MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR ANY WARRANTY IMPLIED THROUGH COURSE OF PERFORMANCE, COURSE OF DEALING, OR USAGE OF TRADE OR (II) CLAIMS ARISING OUT OF THE NEGLIGENCE OF RRC OR RRC'S SUPPLIERS OR (III) PERFORMANCE OR NON-PERFORMANCE OF THESE STC OR ANY OTHER OBLGIATION OR LIABILITY ON THE PART OF RRC (OR ITS SUPPLIERS) TO ANYONE OF ANY NATURE WHATSOEVER BY REASON OF THE DESIGN, MANUFACTURE, SALE, REPAIR, LEASE OR USE OF THE PRODUCT, ANY COMPONENT THEREOF, AND SERVICES DELIVERED OR RENDERED HEREUNDER OR OTHERWISE.

(Compl., Ex. 1, ¶ 4.1).[3]  This language is contained in both the original contract between the parties and the second contract entered into on or about July 13, 2011 by the parties.  (*Id.*, Exs. 1 and 7).

Under New York state law,[4] "[a]bsent language in the agreements to the contrary, the limitation of liability clauses do not apply to misrepresentations made to induce a party to enter into an agreement." *Sear-Brown Grp. v. Jay Builders, Inc.*, 244 A.D.2d 966, 967 (N.Y. App. Div. 1997) (collecting cases).  Here, the Court is satisfied that the language of the STC does, in fact, absolve RRC from liability for its alleged negligence.  Negligence claims are specifically waived in the STC contained in both the first and second contracts entered into between the parties.  Khosla's attempt to conflate the standard for fraudulent inducement with the standard for negligent misrepresentation is unavailing; Khosla has not alleged fraud or gross negligence on the part of RRC.

---

[3] Consideration of this document is appropriate because it is attached to the Complaint.  *See, e.g.*, *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998).
[4] The STC contains a choice-of-law provision that makes the contract at issue subject to the laws of New York. (Compl., Ex. 1, ¶ 10).

3

For the reasons stated above, it is on this 13th day of April, 2012,

ORDERED that Defendant Rolls-Royce Canada Ltd.'s ("RRC") Motion to Dismiss

Count Two of the Complaint [10] is GRANTED; and it is

ORDERED that Count Two of the Complaint is DISMISSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.